IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOEL FRANCOIS JEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv111 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Joel Francois Jean, a prisoner currently confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On July 16, 2008, movant was named in a three-count Indictment, charging him with two counts of Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). On August 13, 2008, counsel with the Federal Public Defender's office was appointed for movant. On August 18, 2008, counsel withdrew due to a conflict, and the court appointed attorney Jimmy Hamm to represent movant.

On January 12, 2009, citing *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), movant made a *pro se* Motion to Dismiss Counsel. Counsel filed a response to movant's Motion to Dismiss Counsel, asserting that he had provided all necessary representation. Counsel stated he had obtained discovery and shared the information with movant, he had relayed all plea offers to movant, and he had begun preparation for trial. The court denied the motion, asserting that movant was not entitled to hybrid representation, representation partly by counsel and partly by himself. In

denying the motion, the court asserted that counsel would need to file a motion himself if he wanted to withdraw.

On January 20, 2009, pursuant to a Motion for Continuance by the Government, movant's case was set for trial on February 23, 2009.

On February 2, 2009, at a pretrial conference, movant made an oral motion to proceed *pro se* which was granted. The Court ordered that movant could proceed toward trial *pro se*, and Mr. Hamm would serve as standby counsel.

On February 9, 2009, proceeding *pro se*, movant filed a Motion to Dismiss the Indictment for Failure to Invoke the Court's Jurisdiction under Rule 12(b). The motion was denied.

On February 23, 2009, with a jury assembled, movant, proceeding *pro se*, entered a plea of guilty to Counts I and III of the Indictment. Movant was subsequently sentenced to a term of 232 months' imprisonment as to Count I along with a term of 60 months' imprisonment as to Count III.

Movant appealed his convictions and sentences to the Fifth Circuit Court of Appeals. On March 14, 2011, movant's appeal was dismissed as frivolous. *See United States v. Jean*, No. 09-41019 (5th Cir. Mar. 14, 2011).

<u>The Motion to Vacate</u>

Movant brings the present motion to vacate alleging the following grounds for review: (1) Counsel failed to provide an understanding of the law in relation to the conspiracy; (2) counsel failed to provide an understanding of the law in relation to the charge of possessing a firearm in furtherance of a drug trafficking offense; (3) counsel failed to object when the court violated movant's right to be represented by counsel of choice; (4) the court failed to determine whether the defendant's conduct fell within the charge of possession of a firearm in furtherance of a drug trafficking crime because he claims the firearms were unloaded; (5) the court erred in sentencing him to both a five-year mandatory minimum sentence under the firearm statute and a ten-year mandatory minimum sentence under the drug statute; (6) he is actually innocent of the crimes for which he was convicted; and (7) his sentencing enhancement as a career offender was not proper.

The Response

The Government was ordered to show cause why relief should not be granted.  In response, the respondent asserts that movant's claims are without merit and should be denied.  The respondent contends movant's plea of guilty was knowing and voluntary.  Additionally, the respondent contends that movant's claims of ineffective assistance of counsel are without merit.  Further, movant's claim that the court failed to establish an adequate factual basis for the plea is barred from collateral review and is without merit.  Finally, the respondent asserts that movant's claims asserted in a supplemental motion are untimely and without merit.

Analysis

I.    *Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:  (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'"  *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)).  "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'"  *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (en banc decision) (quoting *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'"  *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232).  Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could

not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

## II.    *Plea Proceedings*

Movant proceeded toward trial in this case acting as his own counsel. While movant had originally been appointed counsel, at a pretrial conference conducted on February 2, 2009, movant moved to proceed *pro se* and the Court granted the motion. However, appointed counsel was ordered to remain as standby counsel for movant.

Movant signed a Factual Basis and Stipulation in support of his plea of guilty, stating he had read, understood, and agreed without reservation that it accurately describes the events and his acts. *See United States v. Jean*, Criminal Action No. 1:08cr101, Factual Basis (Doc. 37). The Factual Basis set forth stipulated facts and conceded that had this matter proceeded to trial, the Government would have proven, beyond a reasonable doubt, each and every essential element of the offenses alleged in the Indictment. Specifically, officers observed movant's co-conspirators back up their rental cars to Apartment 167 at the Mont Belvieu Apartments, and opened the trunks before moving between the apartment and the trunks of the cars. The cars were later stopped and found in possession of more than 200 pounds of marijuana and more than 2230 grams of cocaine hydrochloride. Apartment 167 was later searched pursuant to a search warrant and the officers found cocaine and marijuana residue and wrappings, two semi-automatic assault-type rifles, one Ruger 9mm pistol, surveillance cameras and monitor, and approximately $93,000 in U.S. currency. Further, movant stipulated that all cooperating witnesses would testify that, at all times relevant to the indictment in this case, Apartment 167 and its contents, including the firearms, were controlled by movant; they also would testify they traveled from Florida to Mont Belvieu, Texas pursuant to an agreement with movant to buy illegal narcotics from him, and that all of the marijuana and cocaine hydrochloride was provided to them by movant.

Additionally, at the Change of Plea Hearing, the court advised movant of the charges against him. The court had the Government read into the record the following elements of the charges movant faced:

> The essential elements which must be proven to establish the Title 21 United States Code, Section 846, violation are:
>
> Number 1, that two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine;
>
> Number 2, that the defendant knew of the unlawful purpose of the agreement;
>
> Three, that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;
>
> And, four, that the overall scope of the conspiracy was to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in an amount of 500 grams or more but less than 5 kilograms.
>
> The essential elements which must be proven to establish the Title 18 United States Code, Section 924(c) violation are, Number 1, that you committed the possession of this firearm during a drug trafficking crime; and two, that you knowingly used and carried a firearm during and in furtherance of your alleged commission of the drug trafficking offense.

*Jean*, Criminal Action No. 1:08cr101, Change of Plea Hearing Tr. at 6-7 (Doc. 70 at 211-212). Movant acknowledged that he understood the nature of the charges against him and each of the elements the government must prove beyond a reasonable doubt, as explained to him by the court. *Id.*

<u>a.    Effect of Guilty Plea</u>

A guilty plea will be upheld on collateral review if entered into knowingly, voluntarily and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). A court must satisfy itself that the plea is knowing and voluntary. *Id.* at 657.

"It is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v.*

*Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted), *cert. denied*, 466 U.S. 906 (1984). To prevail on an ineffective assistance of counsel claim, the movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068 (1984).

In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56, 106 S.Ct. at 369. Additionally, the Supreme Court has determined that "the representations of the defendant...[at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977).

> b.    Voluntariness of the Plea

Movant contends that when he pleaded guilty he was following the advice of counsel, and claims that he accepted a guilty plea with Hamm as co-counsel. The court, however, was very clear that movant was proceeding *pro se* and that Mr. Hamm was not co-counsel, but standby counsel.

As movant represented himself in the proceeding, he cannot show deficient performance on the part of counsel. "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835. "[A]lthough [a pro se litigant] may conduct his own defense ultimately to his own detriment, his choice must be honored . . .." *Id.* at 834. Further, "a defendant who elects to represent himself cannot

thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.* at 834 n.46.

Here, movant was advised that the court could impose a sentence of not less than ten years nor more than life imprisonment, a fine not to exceed $4,000,000.00, supervised release of eight years but not more than life, and a mandatory special assessment of $100.00. Movant stated he understood the potential range of punishment. As previously stated, movant was sentenced to a term of 232 months' incarceration as to Count I along with 60 months' incarceration as to Count III. Thus, movant was sentenced well below the maximum sentence of which he had been advised.

Movant's current arguments do not compel the conclusion that his plea was either unknowing or involuntary. The record reveals that movant understood the nature of the charges, was admonished as to the constitutional rights he was waiving, and was advised of the potential sentences he faced. In addition, movant confirmed that he was entering a knowing and voluntary plea that was not the result of threats or undisclosed promises. Movant answered affirmatively when asked if he understood the Court's admonishments. Movant stated at the hearing that he had an opportunity to review the facts of the case and the charges against him with this stand-by counsel and ask all the questions he had regarding the case. The court was very clear that movant was proceeding *pro se* and that Mr. Hamm was not co-counsel, but standby counsel. As set forth above, movant's plea of guilty was entered knowingly and voluntarily. Accordingly, movant's current claims otherwise are without merit.

IV.     *Ineffective Assistance of Counsel*

Movant claims his plea of guilty was unknowingly and involuntarily entered because of the ineffective assistance of appointed counsel. Movant asserts the following three grounds of ineffective assistance of counsel: (1) counsel failed to provide an understanding of the law in relation to the conspiracy; (2) counsel failed to provide an understanding of the law in relation to the charge of possessing a firearm in furtherance of a drug trafficking offense; (3) counsel failed to object when the court violated movant's right to be represented by counsel of choice.

a.    Understanding of Law - Conspiracy

Movant claims counsel failed to provide an understanding of the law in relation to the conspiracy. Movant contends counsel failed to prepare for trial and, instead, urged movant to plead guilty to receive a reduction in sentence for acceptance of responsibility. Movant claims counsel informed him that "based upon the 'Factual Basis and Stipulation' provided by the Government that it appears that [he] did commit conspiracy to possess with the intent to distribute cocaine." Movant contends he disagreed with counsel; however, counsel insisted the government only needed to prove he agreed to sell drugs to Lamar and Mills.

Movant also argues that the factual basis for the plea is the factual basis for this defendant and not the factual basis for the whole conspiracy. Additionally, movant argues that if counsel had not failed to investigate he would have learned that movant's co-conspirators did not mention movant when admitting to their roles in the conspiracy in their own cases. Movant also argues counsel would have learned the roles his co-conspirators played in alleged conspiracy.

In Count One of the Indictment, movant was charged with conspiracy to possess with intent to distribute cocaine in violation of Title 21 U.S.C. § 841(a)(1), all in violation of Title 21 U.S.C. § 846. In order to prove a conspiracy to violate Section 841(a)(1), the government must show: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).

The Factual Basis establishes that the government could prove at trial that movant knowingly participated in a plan to distribute marijuana and cocaine pursuant to an agreement with at least three other individuals and possessed three firearms in connection with the drug crimes. *See* Change of Plea Hearing at 16. Contrary to movant's apparent argument otherwise, "it is not necessary for all coconspirators to know each other or to work together on every phase of the criminal venture." *United States v. Wilson*, 657 F.2d 755, 759 (5th Cir. 1981).

Further, on direct appeal, movant asserted that the Factual Basis and Stipulation was insufficient to establish the conspiracy charge against him. Movant argued that the joint criminal objective of distributing the drugs needed to establish a conspiracy was missing. Thus, he argued the government did not establish anything more than a buyer-seller relationship. *See Jean*, No. 09-41019, Appellant's Brief at *18-20. Further, movant argued the there was an absence of any proof of actions taken in furtherance of the conspiracy; thus, his plea was not knowing and voluntary. *Id*. After an independent review of the record, counsel's brief, and movant's response, the Fifth Circuit found no non-frivolous issue for appeal. *See Jean*, No. 09-41019 at *1.

Issues raised and disposed of on appeal from an original judgment are not considered in § 2255 motions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). As movant challenged the sufficiency of the Factual Basis and Stipulation to support his plea on direct appeal, such claims may not be considered in this § 2255 motion. Accordingly, because movant's underlying arguments are without merit and the Factual Basis and Stipulation are adequate to support the charges against him, movant has failed to show counsel's performance was deficient.

Finally, any advice counsel provided regarding the Factual Basis and Stipulation was given as standby counsel. As a *pro se* defendant, movant had no constitutional right to standby counsel. *See United States v. Oliver*, 630 F.3d 397, 413-414 (5th Cir. 2011); *United States v. Morrison*, 153 F.3d 34, 55 (2nd Cir. 1998). Standby counsel does not represent the defendant and is, in constitutional terms, "not counsel at all." *United States v. Taylor*, 933 F.2d 307, 312 (5th Cir. 1991). "The defendant represents himself, and may or may not seek or heed the advice of the attorney standing by." *Id*. at 313. Standby counsel's role is "more akin to that of an observer, an attorney who attends the [] proceeding and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense." *Id*. "Without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *Oliver,* 630 F.3d at 414 (quoting *Morrison*, 153 F.3d at 55). Accordingly, movant's claim is without merit and should be denied.

b.      Understanding of Law - Firearm

Next, movant argues counsel failed to provide an understanding of the law in relation to the charge of possessing a firearm in furtherance of a drug trafficking offense.  Movant argues that the facts asserted in the Factual Basis and Stipulation are insufficient to support a conviction under § 924(c).  Movant contends the witnesses did not state they saw any firearms at the apartment, there is no evidence that the weapons were accessible, and the record is devoid of evidence that the firearms in question were loaded.

"To show that possession of a firearm is in furtherance of a drug trafficking offense, the government must show that 'it furthers, advances, or helps forward that offense.'" *United States v. Chapman*, 851 F.3d 363, 382 (5th Cir. 2017); *United States v. Walker*, 828 F.3d 352, 354 (5th Cir. 2016).

> Factors relevant in making this determination include: [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon was stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.*

While movant points to a few factors in a list of a variety of factors that may be considered in making the determination of whether the weapons were possessed in furtherance of a drug-trafficking crime, movant has failed to allege or demonstrate that the absence of one or more of the factors is fatal to the government's case.  Specifically, this case involved semi-automatic assault-type weapons and a pistol, common tools of the trade for drug trafficking.  *See United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020); *United States v. Zapata-Lara*, 615 F.3d 388, 389 (5th Cir. 2010).  Additionally, this case involved sales of a large quantity of drugs for distribution, not small sales for individual use.  Thus, movant has failed to show the evidence was insufficient or that counsel did not have an understanding of the relevant law.

Further, on direct appeal, movant argued that there was "insufficient evidence to sustain a conviction as to Count III of the indictment for possession of a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)." *See Jean*, No. 09-41019, Appellant's Brief at *20-21. Movant contended that the government's Factual Basis and Stipulation was insufficient to establish that he knowingly possessed a firearm in furtherance of a drug trafficking conspiracy as charged in Count III of the Indictment. Movant also argued his plea was involuntary and unknowingly entered based on misinformation by the government and erroneous instructions by the court about the elements of the crime. *See id*. at *20-25. Movant asserted "the Government gave [him] erroneous information as to the essential elements that the Government must prove in order to sustain a conviction for § 924(c)." *Id*. at 21. Movant argued the proposed testimony that the firearms were controlled by him as stated in the Factual Basis and Stipulation and that the presence of a gun within the defendant's dominion and control during a drug trafficking offense was not sufficient to sustain a § 924(c) conviction. *Id*. at 21-22. Movant then argued that it was only after the court erroneously read him the *Pinkerton* liability theory that he admitted to possessing a firearm. *Id*. at 22. Movant continued by arguing that his plea of guilty was not knowingly and voluntarily entered. *Id* at 24. Further, movant argued that the Factual Basis and Stipulation contained insufficient evidence to sustain a conviction for violating § 924(c). *Id*. However, after an independent review of the record, counsel's brief, and movant's response, the Fifth Circuit found no non-frivolous issue for appeal. *See Jean*, No. 09-41019 at *1.

As set forth above, issues raised and disposed of on appeal from an original judgment are not considered in § 2255 motions. *Kalish*, 780 F.2d at 508. As movant brought his claims on direct appeal, such claims may not be considered in this § 2255 motion. Accordingly, because movant's underlying arguments are without merit and the Factual Basis and Stipulation are adequate to support the charges against him, movant has failed to show counsel's performance was deficient.

Finally, any advice counsel provided regarding the Factual Basis and Stipulation was given as standby counsel. As set forth above, movant had no constitutional right to standby counsel and is not entitled to relief for the alleged ineffectiveness of standby counsel. *See Oliver,* 630 F.3d at 414. Accordingly, movant's claim is without merit and should be denied.

11

c.    Failure to Object

Next, movant contends counsel failed to object when the court allegedly violated his right to be represented by counsel of choice.  Movant claims he "filed a *pro se* motion to dismiss counsel because he had no other means of bringing to this court's attention that he was invoking his Sixth Amendment right to be represented by counsel of his choice."  Movant claims he wanted to be represented by Mr. Phillip Jenkins.  Movant claims Hamm was aware of this and failed to inform the court.

On direct appeal, movant asserted his claim that his right to counsel of choice was violated. Movant contended the court erroneously denied his motion to dismiss counsel and violated his right to counsel of choice.  *See Jean*, No. 09-41019, Appellant's Brief at *15.  Movant claimed he "was seeking dismissal of his counsel so that he could be represented by counsel of choice . . . [and] was only seeking to invoke his right to counsel of choice guaranteed under the Sixth Amendment."  *Id*. at 16.  After an independent review of the record, counsel's brief, and movant's response, the Fifth Circuit found no non-frivolous issue for appeal.  *See Jean*, No. 09-41019 at *1.

As set forth above, issues raised and disposed of on appeal from an original judgment are not considered in § 2255 motions.  *Kalish*, 780 F.2d at 508.  As movant brought this claim on direct appeal, such claim may not be considered in this § 2255 motion.  Counsel is not required to file frivolous motions or make frivolous objections.  *Green v. Johnson*, 160 F.3d 1029, 1036-37 (5th Cir. 1998).  Accordingly, movant has failed to show deficient performance or prejudice related to his claims.  Movant's allegations are without merit and should be denied.

d.    Failure to Prepare for Trial

In an amended motion, movant claims he told counsel he was innocent of the charged crimes and informed counsel he was not at the location where the government said he was.  Movant claims, however, that counsel failed to prepare for trial and told him to plead guilty and assist the government in hopes of getting lesser sentence.

In support of this ground, movant claims he was not at the location of the crime and submits an affidavit prepared in 2014 by Lina Jean asserting that movant was at a residence in Baytown on the

12

night of the alleged crime in 2007.  Ms. Jean claims she was not contacted or interviewed by counsel and would have testified to the same had she been called.  She further states she "was supposed to testify to all of these facts . . . at Mr. Joel Jean's trial, but was never called to do so neither by the Court, or by Mr. Jimmy Hamm (Mr. Jean's attorney)."  Movant's Amended Motion, Attachment 14.

A review of the record shows counsel filed a Notice of Alibi Defense on January 27, 2009 which listed Lina Jean, Akeem Fleming and Dramekia Booze as potential alibi witnesses.  However, counsel was removed as counsel of record on February 2, 2009.  Further, movant's whereabouts on the night of the crime as well as the whereabouts of the witness were personally known to movant at the time he pleaded guilty; thus, he could have called these witnesses at trial had he chosen to proceed to trial.

As set forth above, as a *pro se* defendant, movant had no constitutional right to standby counsel. *See Oliver*, 630 F.3d at 413-414; *Morrison*, 153 F.3d at 55.  Standby counsel does not represent the defendant and is, in constitutional terms, "not counsel at all." *Taylor*, 933 F.2d at 312.  "The defendant represents himself, and may or may not seek or heed the advice of the attorney standing by." *Id.* at 313.  Standby counsel's role is "more akin to that of an observer, an attorney who attends the [] proceeding and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense." *Id.*  "Without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *Oliver,* 630 F.3d at 414 (quoting *Morrison*, 153 F.3d at 55).  Therefore, movant has failed to show either deficient performance or prejudice.  Accordingly, the claim is without merit and should be denied.

V.     *Charged Conduct*

Movant argues the court failed to determine whether his conduct "fell within the charge." Movant argues the court failed to comply with Rule 11(b)(3) of the Federal Rules of Criminal Procedure; thus, "rendering his plea of guilty ineffective."  Movant contends the court erred when it found that he admitted to facts that satisfied each legal element of the crimes charged.  Movant asserts "[t]here was not sufficient factual basis for the plea."

13

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires the following: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). As previously explained, movant signed a Factual Basis and Stipulation in support of his plea of guilty, stating he had read, understood, and agreed without reservation that it accurately describes the events and his acts, and his plea of guilty was knowingly and voluntarily entered. Further, movant challenged the sufficiency of the Factual Basis and Stipulation as to both the drug conspiracy charge and the firearm charge on direct appeal. The appellate court found movant failed to raise a non-frivolous argument. Accordingly, because the factual basis and stipulation were adequate to support the charges against him, movant has failed to establish any basis for his claim of court error.

Moreover, the respondent contends this claim is barred from collateral review because it was raised on direct appeal. As explained above, issues raised and disposed of on appeal from an original judgment are not considered in § 2255 motions. *Kalish*, 780 F.2d at 508. To the extent movant's underlying claim was brought on direct appeal, such claim may not be considered in this § 2255 motion. Further, as set forth above, the plea of guilty in this case was voluntary and knowing; thus, movant's claim is without merit.

## VI.    *Sentencing Errors*

In grounds five and seven, movant asserts that the court erred in enhancing his sentence as a career offender and in sentencing him to both a five-year mandatory minimum sentence under the firearm statute and a ten-year minimum sentence under the drug statute. However, the respondent asserts the claims are procedurally barred from review because movant failed to raise the issue on direct appeal.

If a defendant alleges a fundamental constitutional error, he may not raise the issue for the first time in a § 2255 motion without showing both "cause" for his procedural default and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. The cause and prejudice standard presents a significantly higher standard than the 'plain error' standard applied on direct appeal. *United States v.*

*Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992). The only exception to the cause-and-prejudice test is when the failure to grant relief would result in a "manifest miscarriage of justice," i.e., in the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Shaid*, 937 F.2d at 232 (internal quotation marks omitted).

Movant has shown neither cause, prejudice, or a miscarriage of justice related to his claims. Accordingly, movant's claims are procedurally barred. Moreover, in the alternative, even affording movant's claim review, the claims are without merit for the reasons set forth below.

a.      Enhancement

With respect to movant's claim that the court erred in enhancing his sentence as a career offender, the Sentencing Guidelines provide the following:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). At the time of his conviction in this case, movant had the following three prior drug convictions after he was at least eighteen years old: (1) Delivery by Actual Transfer of a Controlled Substance, Cocaine; (2) Possession of a Controlled Substance with Intent to Deliver, Cocaine - Less Than 28 Grams; and (3) Possession of Marijuana. Accordingly, movant was properly classified as a career offender pursuant to U.S.S.G. § 4B1.1(a).

i.      *Johnson*

Movant contends his prior convictions no longer qualify as predicate offenses after the Supreme Court ruling in *Johnson v. United States*, 576 U.S. 591 (2015), and counsel was ineffective for not properly reviewing his prior criminal history.

Under the Armed Career Criminal Act ("ACCA"), individuals who violate 28 U.S.C. § 922(g) and have three or more prior convictions for serious drug offenses or violent felonies face an increased prison term of a minimum of 15 years to a maximum of life. *See* 18 U.S.C. § 924(e). In *Johnson v. United States*, the Supreme Court held the "residual clause" defining violent felonies under the ACCA

is unconstitutionally vague and imposing an increased sentence under the residual clause violates a defendant's right to due process. *Johnson*, 576 U.S. at 606. The ACCA's residual clause defined "violent felony" to include an offense that 'involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1260-68 (2016).

Movant received a base offense level of 26 for the current charges. However, movant received an enhancement of his offense level to level 37 for being a career offender under § 4B1.1(a) of the Sentencing Guidelines based on three prior drug offense convictions. Movant then received a two-level reduction for acceptance of responsibility.

Movant's reliance on the decision in *Johnson* is misplaced. Movant was convicted under 18 U.S.C. § 924(c), not § 924(e). The determination in *Johnson* has no bearing on movant's case because his sentence was not increased under the ACCA's residual clause - the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 576 U.S. at 606 (calling into question only the residual clause of the ACCA). As the residual clause was not applied in this case, *Johnson* does not affect movant's sentence.

    ii.    *Mathis and Hinkle*

Movant filed a supplement to his motion to vacate arguing his prior convictions do not qualify for purposes of the sentencing enhancement based on the recent Supreme Court decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 195 L.Ed.2d 604 (2016), as well as the recent Fifth Circuit decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Mathis*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act, a sentencing court may subdivide the statute forming the basis for the prior conviction only if the statute contains multiple elements constituting separate crimes rather than simply multiple means of committing the same offense. *United States v. Wright*, 651 F. App'x 418, 2017 WL 1032310 (5th Cir. Mar. 15, 2017). The holding in *Mathis* "provided helpful guidance for determining

whether a predicate statute of conviction is divisible." *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016).

*Mathis* and *Hinkle* do not provide movant relief. The decisions in *Mathis* and *Hinkle* did not announce a new rule and have not been made retroactively applicable to cases on collateral review, so they are not a basis for applying § 2255(f)(3). *Mathis*, 136 S.Ct. at 2257 (noting that decision was dictated by decades of prior precedent); *In re Lott*, 838 F. 3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law); *see also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis*, which was a case of statutory interpretation, did not announce a new constitutional rule and was not retroactive to cases on collateral review). "[T]he Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent . . . . Thus, *Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion." *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016).

The Fifth Circuit recently held that the Texas crime of possession with intent to deliver a controlled substance does not count as "controlled substance offense" for purposes of the career offender provision of the Sentencing Guidelines. *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017). However, *Tanksley* is not a decision of the Supreme Court that is substantive and has no retroactive effect under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989).

A challenge based on *Tanksley* is one challenging on collateral review a Sentencing Guidelines calculation. However, claims based upon misapplication of the United States Sentencing Guidelines are not cognizable in a motion to vacate proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under section 2255"). As set forth above, relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result

in a complete miscarriage of justice. *Vaughn*, 955 F.2d at 368. Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.* Therefore, movant's claims are without merit. Additionally, since the claims are based on Supreme Court cases which neither announced a new rule nor have been made retroactively applicable to cases on collateral review, the claims are barred by the one-year statute of limitations. Thus, the claims should be dismissed.

      iii.      *United States v. Davis*

      Title 18 U.S.C. § 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Crime of violence" is defined in two subparts of the title: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). In *United States v. Davis*, the Court held that the residual clause definition of a crime of violence is unconstitutionally vague. *See United States v. Davis*, ____ U.S. ____, 139 S. Ct. 2319, 2324, 204 L.Ed.2d 757 (2019). Thus, *Davis* applies only when a defendant's conviction under § 924(c) is predicated on a crime of violence as defined by the residual clause, § 924(c)(3)(B), and has no application if the predicate crime was a crime of violence defined by the elements clause, § 924(c)(3)(A), or if the predicate crime was a drug-trafficking crime. The Fifth Circuit has since determined that *Davis* applies retroactively on collateral review of an initial § 2255 motion. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

      Movant, however, is entitled to no relief under the decision in *Davis*. Movant's predicate crime was a drug-trafficking crime. Therefore, movant's conviction was not based on the residual clause of Section 924(c)(3)(B) and is not unconstitutional. Thus, movant is entitled to no relief and the motion to vacate should be denied.

      b.      <u>Mandatory Sentences</u>

      Movant argues the court erred in sentencing him to both a five-year mandatory minimum sentence under the firearm statute and a ten-year minimum sentence under the drug statute. As the respondent asserts, this claim is barred because the issue was decided on direct appeal. Issues raised

and disposed of on appeal from an original judgment are not considered in § 2255 motions. *Kalish*, 780 F.2d at 508. Thus, such claims may not be considered in this § 2255 motion.

Further, even if afforded review, movant's argument is without merit. Movant's sentencing argument is foreclosed by *Abbott v. United States*, 562 U.S. 8, 13, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010). In *Abbott*, the Supreme Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott*, 562 U.S. at 13; *see also United States v. Jefferson*, 432 F. App'x 382, 394 (5th Cir. 2011) (holding district court did not err in imposing sentence for § 924(c) violation in addition to longer sentence imposed under § 841). Accordingly, movant's claim is without merit and should be denied.

VII.   *Actual Innocence*

Finally, movant claims he is actually innocent of the charges against him because the government alleged movant and his co-conspirators "conspired with the intent to possess instead of conspiracy to distribute, [he] has but to prove that he is innocent of the possession with intent to distribute underlying element of the conspiracy." Amended Motion to Vacate at *13 (Doc. 47). Movant asserts he is not recanting his testimony at the Change of Plea Hearing. However, movant contends that "[a]t the time of pleading guilty he thought he was admitting to he sold Gutierrez the drugs that they were ultimately found to be in possession of." He continues that "[a]t no time did he think he was admitting that he assisted Gutierrez, and company, in travelling (sic) from Florida to Texas, or that he had any vested interests in the illicit drugs that they purchased." Movant asserts "[h]e now understands that this is what the government was alleging, and that wasn't what he was pleading guilty to." Movant contends the government has presented no evidence that he played any role in the alleged conspiracy. He contends this was a "one time sell (sic) of cocaine and marijuana. A sell (sic) that was between two people and not several additional people."

As set forth above, movant challenged the sufficiency of the evidence against him on direct appeal. After an independent review of the record, counsel's brief, and movant's response, the Fifth

Circuit found no non-frivolous issue for appeal. *See Jean*, No. 09-41019 at *1. Issues raised and disposed of on appeal from an original judgment are not considered in § 2255 motions. *Kalish*, 780 F.2d at 508. Thus, such claims may not be considered in this § 2255 motion.

Further, movant's current arguments are no more than conclusory assertions and do not compel the conclusion that his plea was either unknowing or involuntary. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). As previously detailed at length above, in light of the statements movant made in open court, it cannot be concluded that movant's plea was involuntary or unknowingly entered. Accordingly, movant's current claim of innocence is without merit and should be denied.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of April, 2021.

20

Zack Hawthorn
United States Magistrate Judge