IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOEL FRANCOIS JEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv111 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Joel Francois Jean, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends denying and dismissing the motion to vacate.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.   Movant did not file "specific written objections to the proposed findings and recommendations" addressing any specific factual finding or conclusion of law, as contemplated by Rule 72 of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 72(b)(2); *McClure v. Tex. Dept. of Crim. Just. Corr. Dept.*, 459 F. App'x 348, 349 (5th Cir. 2012).  Instead, movant filed a "Reply in Opposition" to the magistrate judge's Report and Recommendation.  In his reply, movant makes only a general reference to documents previously filed in this proceeding.  The Court reviews for plain error when a party makes only frivolous, conclusive or general objections.  *McClure*, 459 F. App'x at 349; *Torres v Colvin*, No. 5:14cv34, 2015 WL 12551938 (S.D. Tex. Apr. 22, 2015); *Mosely v. Quarterman*, No. 3:03cv1577, 2008 WL 656887 (N. D. Tex. Mar. 6, 2008).  A party "d[oes] not raise a factual objection by merely reurging arguments contained in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).  Accordingly, *de novo* review by the Court

is not required.  *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  All other

review is for plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Because movant did not file specific objections to the Report and Recommendation, this

Court reviews the magistrate judge's findings of fact and conclusions of law for plain error.  Finding

no grounds of plain error, the Court adopts the Report and Recommendation of the United States

Magistrate Judge as the findings and conclusions of this Court.

In the alternative, assuming movant's response is liberally interpreted as specific objections

warranting *de novo* review, the Court conducted a *de novo* review of the objections in relation to the

pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court

concludes movant's objections lack merit and should be overruled.

Movant entered a plea of guilty to the charges against him.   Therefore, movant must show

"a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Young v. Spinner*, 873

F.3d 282, 285 (5th Cir. 2017).  Movant, however, has failed to satisfy his burden of proof.

In this case, movant had exercised his right to proceed *pro se* at trial.  As the magistrate judge

observed, "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter,

many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S.

806, 835 (1975).  Counsel in this case was acting merely as standby counsel.  A *pro se* defendant has

no constitutional right to standby counsel.  *United States v. Oliver*, 630 F.3d 397, 413-14 (5th Cir.

2011).  Furthermore, because there is no constitutional right to standby counsel, there is no claim for

ineffective assistance of standby counsel.  *Id.* at 414.

Additionally, the record plainly demonstrates that the plea was both knowing and voluntary.

At the change of plea hearing, while proceeding *pro se*, movant first claimed he did not possess a

firearm.  The Court then explained that if he was contending he did not possess a firearm there would

have to be a trial.  *See United States v. Jean*, No. 1:08cr101 (E.D. Tex. 2009), Change of Plea

Hearing (Doc. 70 at *16).  Instead of withdrawing his plea and proceeding to trial, movant then stated unequivocally that he did possess a firearm.  *Id.* at *17.  Thus, when the Court provided movant the opportunity to go to trial, movant refused and confessed to possessing a weapon. Movant was personally aware of all of the facts of the case and what he now claims could have been discovered, but he confirmed under oath that he possessed a weapon in connection with a conspiracy to possess with the intent to distribute between 500 grams and less than five kilograms of cocaine. *Id.* at 16.

As shown above, movant's current assertions are contradicted by his statements made under oath in open court.  "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath."  *United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019), (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).  Solemn declarations in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings.  *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000). Moreover, movant was in charge of his own defense at the time.  Yet, when afforded the opportunity to proceed to trial, movant refused.  Therefore, movant has failed to satisfy his burden.

Additionally, movant was not entitled to be represented by counsel of choice.  Movant had informed the Court he could not afford counsel and requested appointed counsel in this case.  While there is generally a right to counsel of choice, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them."  *United States v. Lopez*, 548 U.S. 140, 151 (2006).  Further, the purported affidavit by movant's mother is factually insufficient to show counsel was aware of the alleged availability of Mr. Jenkins or that any fee arrangement had been reached.  *See* Movant's Amended Motion to Vacate, (Doc. 47-4 at *43).  Movant's purported affidavit is also factually insufficient because it fails to demonstrate anything other than movant's desire to be represented by Mr. Jenkins instead of his then-appointed counsel.  The purported affidavit fails to demonstrate either that Mr. Jenkins had agreed to represent him, that a fee arrangement had been reached, and that his then-appointed counsel was aware of these facts while

he represented movant.  *See id.* at *41.  As set forth above, movant was not entitled to appointed counsel of his choice.  Moreover, movant was personally aware of the facts of his case, was proceeding as his own counsel, and failed to make any motion or assertion in court regarding the alleged availability of counsel.  Movant has failed to show either deficient performance of counsel or any associated prejudice.  Accordingly, movant's claims should be denied and dismissed.

Furthermore, movant is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 1st day of February, 2023.**


_____
Michael J. Truncale
United States District Judge

5